**IT IS ORDERED**

**Date Entered on Docket: May 6, 2015**

_____

**The Honorable David T. Thuma**
**United States Bankruptcy Judge**



_____

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

| | |
|---|---|
| In re: | Chapter 11 |
| ROMAN CATHOLIC CHURCH OF THE DIOCESE OF GALLUP, a New Mexico corporation sole, | Case No. 13-13676-t11 |
| | **Jointly Administered with:** |
| Debtor. | |
| Jointly Administered with: | Case No. 13-13677-t11 |
| BISHOP OF THE ROMAN CATHOLIC CHURCH OF THE DIOCESE OF GALLUP, an Arizona corporation sole. | |
| This pleading applies to: | |
| ☒ All Debtors. | |
| ☐ Specified Debtor. | |

## STIPULATED ORDER REGARDING PLAN OF REORGANIZATION

The Roman Catholic Church of the Diocese of Gallup ("**RCCDG**") and Bishop of the

Roman Catholic Church of the Diocese of Gallup (the "**Arizona Entity**," and collectively with

RCCDG, the "**Debtors**") the debtors and debtors-in-possession in the above-captioned, jointly-

administered reorganization cases ("**Reorganization Case**"); the Official Committee of Unsecured Creditors ("**Committee**"); Manly, Stewart & Finaldi and its individual attorneys; Montoya, Jiminez and Pastor, PA and its individual attorneys; Pachulski, Stang, Ziehl & Jones LLP and its individual attorneys; Quarles & Brady LLP and its individual attorneys; Perdue and Kidd LLP and its individual attorneys (collectively, the "**Parties**"), hereby stipulate to the following:

A. The Debtors filed their voluntary petitions under Chapter 11 of the Bankruptcy Code on November 12, 2013.

B. On December 17, 2013, the US Trustee appointed an Unsecured Creditors' Committee (the "**Committee**").

C. Since that time, the Debtors have twice moved to extend the exclusive period in which only they had the ability to file a plan of reorganization. Currently, the Debtors retain the exclusive right to file a plan through May 12, 2015, and the exclusive right to solicit acceptances of such plan through July 10, 2015.

D. Pursuant to 11 U.S.C. § 1121(d)(2)(A), however, such periods of exclusivity cannot be extended beyond the dates currently set.

E. The Debtors' goal in the Reorganization Cases is to present a consensual plan of reorganization acceptable to the Debtors and the Committee. To that end, the Debtors and Committee have worked cooperatively to move forward with a mediation that could successfully achieve that goal.

F. The Debtors have discussed their exclusive periods (among other things) with the Committee. The Committee has informed the Debtors that if the Debtors were to unilaterally file a plan prior to mediation on a plan, such filing would be counterproductive. Nevertheless, the

Debtors must protect their rights, including their right to an exclusive period in which to file a plan.

G. The Debtors and the Committee agree that if one of them files a plan without the consent of the other and without prior notice to the other, such filing would be counterproductive to the goal of confirming a consensual plan.

H. The Debtors and Committee also agree that a plan filing by any other party without notice to the Debtors and the Committee would be counterproductive to achieving a consensual plan of reorganization.

I. Both the Debtors and the Committee desire to avoid unnecessary litigation costs related to preparing a plan and disclosure statement before they complete efforts to achieve a consensual plan through mediation .

**NOW, THEREFORE, IT IS HEREBY MUTUALLY AGREED AND STIPULATED** by and between the parties hereto, that:

1. In exchange for the Debtors' agreement not to file a plan of reorganization prior to expiration of the Debtors' exclusive periods or thereafter without prior notice to the Committee, the Debtors and the Committee will forbear from filing any plan or disclosure statement after expiration of the exclusive periods without first providing the other with at least sixty (60) days' notice of their intent to file a plan or disclosure statement.

2. Any other person authorized under 11 U.S.C. § 1121(c) to file a plan after expiration of the exclusive period must also provide the Debtors and the Committee with at least sixty (60) days' notice of its intent to do so prior to filing any plan or disclosure statement.

**XXX   END OF ORDER    XXX**

Submitted, Stipulated and Agreed by:

*/s/ Elizabeth S. Fella*
Susan G. Boswell (AZ Bar No. 004791)
Lori L. Winkelman (AZ Bar No. 021400)
Elizabeth S. Fella (AZ Bar No. 025236)
*Admitted Pro Hac Vice*
QUARLES & BRADY LLP
One S. Church Ave., Suite 1700
Tucson, Arizona 85701
(520) 770-8700/Fax: (520) 623-2418
susan.boswell@quarles.com
lori.winkelman@quarles.com
elizabeth.fella@quarles.com
-and-
Thomas D. Walker
WALKER & ASSOCIATES, P.C.
500 Marquette N.W., Suite 650
Albuquerque, New Mexico 87102
(505) 766-9272/Fax: (505) 722-9287
twalker@walkerlawpc.com
*Counsel for the Debtors and on its own behalf*

**-AND-**

/s/ *James I Stang*
James I. Stang
*Admitted Pro Hac Vice*
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067
(310) 277-6910
jstang@pszjlaw.com
*Counsel for The Official Committee*
*Of Unsecured Creditors and on its own behalf*

/s/ *Richard T. Fass*
Richard T. Fass
Donald H. Kidd
PERDUE & KIDD, LLP
510 Bering Dr., Suite 550
Houston, TX 77057
rfass@perdueandkidd.com
dkidd@perdueandkidd.com
*Counsel for Tort Claimants and on its own behalf*

/s/ *John Manly*
John Manly
Vincent Finaldi
MANLY STEWART & FINALDI
19100 Von Karman Ave., Suite 800
Irvine, CA 92612
jmanly@manlystewart.com
*Counsel for Tort Claimants and on its own behalf*

/s/ *Robert E. Pastor*
Robert E. Pastor (AZ Bar No. 021963)
MONTOYA, JIMENEZ & PASTOR, P.A.
3200 N. Central Ave., Suite 2550
Phoenix, Arizona 85012
(602) 279-8969/Fax: (602) 256-6667
repastor@mjpattorneys.com
*Counsel for the State Court Plaintiffs and on its own behalf*