UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

ROMAN CATHOLIC CHURCH
OF THE DIOCESE OF GALLUP,                          Case no. 13-13676-t11

     Debtor.

Jointly administered with:

BISHOP OF THE ROMAN CATHOLIC
CHURCH OF THE DIOCESE OF GALLUP,                   Case No. 13-13677-t11

     Debtor.

## ORDER TO SHOW CAUSE AND NOTICE OF HEARING

By an order entered June 26, 2015, doc. 394, the Court authorized the Debtors to sell certain property by auction. The order also approved proposed, fairly standard, auction procedures. The Debtors conducted the auction at two locations, one in Arizona and one in New Mexico, on different dates. The New Mexico auction was held at an Albuquerque hotel on September 19, 2015.

It has come to the Court's attention that the Debtors may not have conducted a "public auction" as required by Fed. R. Bankr. P. 6004(f)(1).[1] *See, e.g., In re Aloha Airlines, Inc.,* 2009 WL 1065162 (invalidating a sale because the trustee excluded a reporter from the auction). Attached hereto as Exhibit A are copies of letters e-mailed to the Court from a reporter and a PhD candidate. These parties claim they were not permitted to observe the New Mexico auction. The Court needs more information about whether the auction was a public auction, who was permitted to observe the auction, and who was excluded. If members of the press and/or public

---

[1] That rule provides: "All sales not in the ordinary course of business may be by private sale or by public auction."

were excluded, the Court would like the Debtors to show cause why the auction sales should not be invalidated. If remedies less harsh than invalidation are available, the Court would like to hear argument related to advisability of such alternative relief.

IT IS THEREFORE ORDERED that the Debtors must appear before the Court on October 19, 2015 at 1:30 p.m. to address the issues outlined above. Other interested parties who have standing and are represented by counsel (if required) also may appear and be heard.

_____
Hon. David T. Thuma
United States Bankruptcy Judge

Entered: October 2, 2015

Copies to:

Susan Gayle Boswell
Quarles & Brady
One S. Church Ave., Suite 1700
Tucson, AZ 85701

Thomas D. Walker
500 Marquette Ave NW, Suite 650
Albuquerque, NM 87102

Ron Andazola
P.O. Box 608
Albuquerque, NM 87103





Gallup Diocese Auction Problems
Meredith Edelman
to:
thumastaff@nmcourt.fed.us
09/19/2015 06:09 PM
Hide Details
From: ████████████████████████████
To: "thumastaff@nmcourt.fed.us" <thumastaff@nmcourt.fed.us>,

History: This message has been forwarded.

Dear Judge Thuma and staff,

I am writing to express my disappointment in being barred from entering and observing the auction held today of certain real properties of the Roman Catholic Diocese of Gallup. I am a PhD candidate conducting research on legal and informal mechanisms utilized to hold Catholic organizations accountable for the sexual abuse of children by clergy. I am also a former bankruptcy lawyer with several years of experience working on chapter 11 cases.

I had hoped to attend the auction as an observer, and had no reason to believe, after reading the sale motion, sale order, and seeking further information from the marketing company conducting the auction, that observing would be disallowed.

I went to the auction today, and when I registered and said that I was seeking only to observe, I was told I would not be able to do so. I asked for clarification, and ultimately spoke with a man named Todd, who I believe was conducting the auction. He took a very aggressive tone and threatened to have me removed from the hotel after I asked him where I might have been able to determine that the public was not welcome to observe the process. I was not the only person turned away from the auction. A reporter was turned away shortly after I was. I believe that she intends to write a story about it.

I believe I was inappropriately barred, and wanted to alert you to the issue. While Todd repeated to me that "observers don't benefit the debtors or the creditors", I must disagree. The creditors in this instance are survivors of child sexual abuse whose abuse was covered up for years. They can only benefit from transparency in this process. If members of the public and the press are unable to observe the procedures, this transparency is lacking.

If you have any questions, please do not hesitate to contact me.

Sincerely,

Meredith

Meredith Edelman
Doctoral Scholar
Regulatory Institutions Network (RegNet)





eport this as spam

file:///C:/Users█████/AppData/Local/Temp/notes142542/~web3306.htm                    10/1/2015

Sept. 22, 2015

Judge David T. Thuma
U.S. Bankruptcy Court
Albuquerque, New Mexico

Dear Judge Thuma:

This is a formal complaint regarding the manner in which the Diocese of Gallup's auction of real property was conducted Saturday, Sept. 19, 2015, at the Sheraton Airport Hotel in Albuquerque. I have four primary concerns about what occurred during the auction, as well as what has – or has not – occurred during the marketing phase for both the Phoenix and Albuquerque auctions.

First, I was dismayed when Todd Good, the CEO and president of Accelerated Marketing Group, one of the individuals paid $45,000 by the Gallup Diocese to promote and conduct the auctions, barred the media and members of the public from attending the Albuquerque auction. Judge Thuma, I read every document in the Diocese of Gallup's court file, and I have never once read a statement that the auctions would be closed to the public and that only qualified bidders would be admitted. When I asked Mr. Good about this, he said, "It doesn't matter," and he said he had "discretions" in how he conducted the auctions. Is this true? If the wording of the court motions do not matter, then why do attorneys submit them to the court for approval and why do attorneys sometimes get into huge arguments over the legal interpretations of words, phrases and terminology?

Secondly, Mr. Good described himself as an "agent for the court" during our very brief conversation Saturday. In a previous phone interview with Mr. George H. "Hank Amos III, Mr. Good's business partner in promoting and conducting the auctions, Mr. Amos told me that he and Mr. Good were "acting on behalf of the court." If that is correct, I would expect them to conduct the auctions in the manner outlined in the court file. And if that is correct, I would also expect Mr. Good to recognize a U.S. Bankruptcy Court document when he sees one. When I showed Mr. Good a document (Page 2) from Doc 435-1, which was filed by attorneys for the diocese on 09-16-15, Mr. Good did not recognize it as a court document. Instead, he wanted to know where I obtained "this list." I had to explain to him that it was a public document from U.S. Bankruptcy Court. I showed the document to Mr. Good because I was attempting to ask him about what appeared to be three factual errors pertaining to the reported sales at the Phoenix auction.

Thirdly, the *Gallup Independent* has very serious concerns about how the two auctions were marketed by Mr. Good and Mr. Amos prior to the sales. I attempted to raise those concerns with both men before the auctions to no avail. Although both men had been talkative during previous interviews, neither

answered my questions during my more recent attempts to contact them. In a phone interview, Mr. Amos repeatedly declined to answer my questions by saying, "That's a Todd question." Then Mr. Good never returned my calls although I left at least two messages on his cell phone. The questions I was trying to get answers to involved two subjects. The first concerned the lack of public disclosure about the soil and water contamination on one of the properties, which has been the focus of ongoing remediation efforts by the New Mexico Environment Department. The second subject involved concerns over what appears to have been very little marketing and advertising work to promote the auctions. If you look at Pages 10-11 in Doc 383, filed 05-18-15, under "The Marketing Program," you will read a very rosy prediction of how "heavily marketed" the auctions will be under Mr. Good and Mr. Amos. The *Gallup Independent* seriously questions how many of those marketing efforts actually took place, yet the Diocese of Gallup paid $45,000 for those services. Has the diocese – or the court – received proof of all those press releases, background kits, interviews, editorial columns, editorial board visits, radio advertising, direct and electronic mail promotions, telemarketing campaign, etc?

Finally, I have concerns that Mr. Good's decision to bar the media and the general public had more to do with attempting to punish and muzzle the *Gallup Independent* than perhaps anything else. The newspaper has published a couple of stories that Mr. Good would probably approve of because they helped to publicly promote the auctions. But the newspaper has also published stories that have raised issues the diocese declines to address. For example, the newspaper has published articles about some of the valuable property the Gallup Diocese owns but refuses to sell, such as commercial property in Winslow, Arizona that borders Interstate Highway 40 and has a McDonald's restaurant on it; a shopping center in Gallup; and a sprawling ranch in Northern Arizona. The newspaper has published articles about how some of the auction properties are virtually worthless. The newspaper has also published articles in which a former priest admitted the tiny parish on the Zuni Pueblo had about $4 million in investment accounts. Those news stories don't jive well with the Diocese of Gallup's attempts to paint itself as the "poorest diocese" in the country – a claim it repeatedly tells the court but has never backed up with any evidence submitted in court. So I suspect when Mr. Good barred the media and the public from the auction, it was possibly just about petty payback.

Judge Thuma, I apologize for the length of this letter. However, I do appreciate your consideration of the issues I raise in this letter. In addition, I am providing you a copy of the news article I wrote about Saturday's auction and Mr. Good's statements. Thank you.

*Elizabeth Hardin-Burrola*

Elizabeth Hardin-Burrola, reporter, *Gallup Independent*

cc:    Mr. Ron Andazola, Assistant U.S. Trustee
       file